UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER HIRAM CANO,

                Plaintiff,

-against-

CHRISTINE HANNA, *et al.*,

                Defendants.

21-CV-7338 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff,[1] who is currently being held at Mid-Hudson Psychiatric Center, filed this action *pro se* on August 31, 2021, while she was in the custody of the New York City Department of Correction. Because Plaintiff filed this action without a prisoner authorization form, by order dated September 3, 2021, the Court directed Plaintiff, within thirty days, to submit a completed and signed prisoner authorization form. (ECF No. 3.) The Clerk of Court mailed the order to Plaintiff at the North Infirmary Command on Rikers Island, and on October 4, 2021, Plaintiff complied with the Court's order. (ECF No. 4.) On March 15, 2022, Plaintiff requested copies of documents and the docket sheet for this case, (ECF Nos. 6, 7), and those documents were mailed to Plaintiff at Bellevue Forensic Psychiatric Center, the address indicated on Plaintiff's letters. On March 30, 2022, the documents mailed to Plaintiff were returned to the court marked, "Attempted – Not Known, Unable to Forward."

    By order dated August 31, 2022, the Court directed Plaintiff, within thirty days, to update her address of record, and that order warned Plaintiff that failure to update her address would result in the Court dismissing the action without prejudice for failure to prosecute. (ECF No. 8.)

---

[1] Plaintiff uses the pronouns she/her.

Having received no response from Plaintiff, by order dated October 5, 2022, the Court dismissed this action without prejudice. (ECF No. 9.)

On September 18, 2023, Plaintiff filed a motion for reconsideration with attachments totaling 1,006 pages. She asserts that she "did not failed [sic] to prosecute, that she was malicious[ly] prevented from prosecuting the case by defendants, Plaintiff did try to initiate further contact with the Court through written communication but was maliciously tampered by the defendants." (ECF No. 12 at 3.)

The Court grants Plaintiff's request for reconsideration and therefore vacates its October 5, 2022 order of dismissal and civil judgment and directs the Clerk of Court to reopen this case. Plaintiff's claims will be addressed in due course.

## CONCLUSION

The Court grants Plaintiff's motion for reconsideration (ECF No. 12.)

The Clerk of Court is directed to vacate the October 5, 2022 order of dismissal (ECF No. 9) and civil judgment (ECF No. 10), and to reopen this case.

No summons shall issue at this time. Plaintiff's claims will be addressed in due course.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 17, 2024
         New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge