UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER HIRAM CANO,

                              Plaintiff,

              -against-

CHRISTINE HANNA, *et al.*,

                              Defendants.

21-CV-7338 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff,[1] who is currently detained at the Robert N. Davoren Center on Rikers Island, brings this *pro se* action alleging that, while she was detained at various facilities on Rikers Island, Defendants violated her constitutional rights. By order dated June 26, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Plaintiff uses the pronouns she/her.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this action *pro se* on August 31, 2021, while she was in the custody of the New York City Department of Correction. Because Plaintiff filed this action without a prisoner authorization form, by order dated September 3, 2021, the Court directed Plaintiff, within thirty days, to submit a completed and signed prisoner authorization form. (ECF No. 3.) The Clerk of

Court mailed the order to Plaintiff at the North Infirmary Command on Rikers Island, her address of record at that time, and on October 4, 2021, Plaintiff complied with the Court's order. (ECF No. 4.) On March 15, 2022, Plaintiff requested copies of documents and the docket sheet for this case, (ECF Nos. 6, 7), and those documents were mailed to Plaintiff at Bellevue Forensic Psychiatric Center, the address indicated on Plaintiff's letters. On March 30, 2022, the documents mailed to Plaintiff were returned to the court marked, "Attempted – Not Known, Unable to Forward."

By order dated August 31, 2022, the Court directed Plaintiff, within thirty days, to update her address of record, and that order warned Plaintiff that failure to update her address would result in the Court dismissing the action without prejudice for failure to prosecute. (ECF No. 8.) Having received no response from Plaintiff, by order dated October 5, 2022, the Court dismissed this action without prejudice. (ECF No. 9.)

On September 18, 2023, Plaintiff, who was then being held at Mid-Hudson Psychiatric Facility, filed a motion for reconsideration with attachments totaling 1,006 pages. She asserts that she "did not failed [sic] to prosecute, that she was malicious[ly] prevented from prosecuting the case by defendants, Plaintiff did try to initiate further contact with the Court through written communication but was maliciously tampered by the defendants." (ECF No. 12 at 3.)

By order dated January 17, 2024, the Court granted Plaintiff's request for reconsideration and therefore vacated its October 5, 2022 order of dismissal and civil judgment and directed the Clerk of Court to reopen this case.

Plaintiff's initial complaint and attachments totaled 222 pages, in which she detailed events that occurred "[i]n different facilities of New York City Department of Corrections." (ECF No. 2 at 4.) Plaintiff named 65 different Defendants and detailed events that occurred on various

3

dates from October 15, 2020 through July 28, 2021. (*Id.* at 6.) In this handwritten, single-spaced complaint, Plaintiff's claims are unclear, it is unclear how the 65 named Defendants were each involved in the events that give rise to her claims, and how the documents attached pertain to her claims.

Plaintiff's 1,006-page motion for reconsideration appears to contain an amended complaint, a counterclaim, interrogatories, a request for production of documents, and a request for injunctive relief. This submission is also handwritten, and portions of many of the pages are faded and illegible. It continues to be unclear how the named Defendants were involved in the alleged deprivation of Plaintiff's rights and how the numerous documents attached to this submission pertain to Plaintiff's claims.

Plaintiff is not a stranger to this court. Including this action, Plaintiff has filed nine actions in this court, five of which are pending, *see Cano v. City of New York (NYCDOC)*, ECF 1:23-CV-3807, 8 (S.D.N.Y. June 20, 2023) (dismissing without prejudice Plaintiff's complaint for failure to state a claim and declining to exercise supplemental jurisdiction over state-law claims); *Cano v. City of New York*, ECF 1:23-3733, 1 (S.D.N.Y. filed May 3, 2023) (pending); *Cano v. Kharkover*, ECF 1:22-CV-10557, 1 (S.D.N.Y. filed Dec. 12, 2022) (pending); *Cano v. United States of America/Corporate America*, ECF 1:21-CV-9165, 14 (S.D.N.Y. Jan. 19, 2024 ) (granting motion for reconsideration and reopening case after dismissal for failure to prosecute due to Plaintiff's failure to notify the court of a change of address); *Cano v. Chisholm*, No. 19-CV-1640 (LGS) (S.D.N.Y.) (asserting claims of failure to protect and deliberate indifference to medical needs); *Cano v. Chisholm*, ECF 1:18-CV-11824, 4 (S.D.N.Y. Apr. 5, 2019) (dismissed as duplicative of No. 19-CV-1640); *Cano v. Cohen*, ECF 1:18-CV-11550, 8 (S.D.N.Y. Dec. 20, 2019) (dismissing the complaint for failure to state a claim on which relief may be granted);

*Cano v. Cohen*, ECF 1:18-CV-10712, 3 (S.D.N.Y. Jan. 9, 2019) (dismissed for Plaintiff's failure to pay the filing fees or file an application to proceed *in forma pauperis* and a prisoner authorization). All of Plaintiff's actions pertain to her detention by the New York City Department of Corrections.

## DISCUSSION

**A.     Pleading Deficiencies**

       1.     Rule 8 of the Federal Rules of Civil Procedure

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). In reviewing a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678. As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

While a complaint's statement of claim must contain sufficient factual detail, it should not be "prolix" (*i.e.*, lengthy) or contain unnecessary details. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage'" (citation omitted)); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension"); *see also Annuity, Welfare & Apprenticeship Skill Improvement & Safety Funds of the Int'l Union of Operating Eng'rs Loc. 15, 15A, 15C & 15D, AFL-CIO v. Tightseal Constr. Inc.*, No. 17-CV-3670 (KPF), 2018 WL 3910827, at *12 (S.D.N.Y. Aug. 14, 2018) ("[C]ourts in this Circuit have dismissed complaints that are unnecessarily long-winded, unclear, or conclusory.").

In addition to Plaintiff's complaint being lengthy and containing seemingly unnecessary details, Plaintiff's complaint is handwritten and single-spaced with some portions faded and difficult to read, thereby negatively affecting the complaint's readability. *See Guterman v. Costco Wholesale Corp.*, 341 F.Supp.3d 468, 472 n.3 (S.D.N.Y. Sept. 24, 2018) ("Occasional phrases in the coupon booklets are in all capital letters or italicized. . . . For ease of readability, the Court reproduces these phrases in unitalicized, lower case letters."); *McIntosh v. United States*, No. 15-CV-2442 (KMK), 2018 WL 1275119, at *1 n. 3 (S.D.N.Y. Mar. 7, 2018) ("Occasional words and phrases in Plaintiff's Complaint are written in all capital letters. Here and elsewhere, when quoting such words [and] phrases, this Opinion reverts to conventional capitalization for ease of readability.").

If Plaintiff submits an amended complaint, it must comply with Rule 8's requirement that it contain a short and plain statement showing that Plaintiff is entitled to relief. Plaintiff should avoid writing or typing single spaced, and she should also avoid presenting unrelated or extraneous allegations and including voluminous attachments or exhibits. Plaintiff is not required to submit evidence in support of her claims and is not permitted to make discovery requests at this stage in the litigation.

2.    Improper Joinder

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18(a) permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). By contrast, under Rule 20, a plaintiff may not pursue unrelated claims against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2); *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009) (holding that "the mere allegation that Plaintiff was injured by all Defendants is not sufficient [by itself] to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)" (internal quotation marks and citation omitted, alteration in original)). Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21.

Here, it appears that Plaintiff is attempting to assert unrelated claims against multiple different defendants regarding events that occurred at different facilities on Rikers Island. The Court grants Plaintiff leave to file an amended complaint concerning the related claims she details in her current complaint. If she wishes to pursue unrelated claims against multiple different defendants regarding events that occurred at different facilities, she must bring those claims in separate actions. In her amended complaint and any separate actions, the Court cautions Plaintiff not to reassert claims already raised in her pending cases.

**B.      Request for Preliminary Injunctive Relief**

Plaintiff requests a preliminary injunction. To obtain such relief, Plaintiff must show: (1) that she is likely to suffer irreparable harm, and (2) either (a) a likelihood of success on the merits of her case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in her favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

As set forth above, Plaintiff's complaint suffers from pleading deficiencies. The Court therefore finds that Plaintiff has not, at this time, shown (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for injunctive relief is denied without prejudice to renewal at a later date.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege

8

related claims against multiple defendants regarding events that occurred at one facility on Rikers Island, the Court grants Plaintiff 60 days' leave to amend her complaint to detail those claims. Plaintiff must, however, assert unrelated claims in separate actions, and she may not assert claims raised in her pending cases.

Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff is responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2022, at West Facility, during the 7-3 p.m. shift."

consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint and any information contained in her motion for reconsideration, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-7338 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to comply with this order.

Plaintiff's request for injunctive relief is denied without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 22, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes      ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name               Middle Initial          Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                 Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 2:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 3:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Defendant 4:

First Name          Last Name          Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City          State          Zip Code

Page 3

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6